UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
_____X

TARSHA THOMAS, KENYA THOMAS, VINCENT
LAYDEN, and SHAWNDA THOMAS,

                        Plaintiffs,

    -against-

THE CITY OF NEW YORK, DETECTIVE KIRK S.
FERNANDES, SHIELD #2531, SERGEANT FRITZ
GLEMAUD, SHIELD # 03224, DEPUTY INSPECTOR
JOSEPH KENNY, DETECTIVE ELKA MORALES,
SHIELD # 05340, DETECTIVE KONSTANIN
BRANDMAN SHIELD # 02534, DETECTIVE ANTHONY
CARDINALE, SHIELD # 07144, POLICE OFFICERS
JOHN/JANE DOE(S) #s 1-10,

                        Defendants.
_____X

**AMENDED COMPLAINT**

PLAINTIFFS DEMAND
TRIAL BY JURY

Case No.: 15-cv-2569

        TARSHA THOMAS, KENYA THOMAS, VINCENT LAYDEN, and SHAWNDA THOMAS, by their attorney DAVID A. ZELMAN, ESQ., for their COMPLAINT, allege upon information and belief, as follows:

### I. PRELIMINARY STATEMENT

1.   This is a civil rights action in which TARSHA THOMAS, KENYA THOMAS, VINCENT LAYDEN, and SHAWNDA THOMAS, (hereinafter "Plaintiffs") seek damages to redress the deprivation, under color of state law, of rights secured to them under the Fourth, Fifth, and Fourteenth Amendments of the United States Constitution. On or about May 30, 2014, at approximately 6:20 A.M., NY, Plaintiffs were falsely arrested and illegally searched by Defendants, including, but not limited to, DETECTIVE KIRK S. FERNANDES, SHIELD #2531, SERGEANT FRITZ GLEMAUD, SHIELD # 03224, DEPUTY INSPECTOR JOSEPH KENNY, DETECTIVE ELKA MORALES, SHIELD # 05340, DETECTIVE KONSTANIN BRANDMAN SHIELD # 02534,

1

DETECTIVE ANTHONY CARDINALE, SHIELD # 07144, and POLICE OFFICERS JOHN/JANE DOE(S) #s 1-10 (hereinafter "Defendants"). It is alleged that Defendants falsely arrested Plaintiffs and maliciously and without probable cause charged them with criminal offenses related to a controlled substance. As a result of the violation of their constitutional rights, Plaintiffs suffered mental and emotional injuries.

## II. JURISDICTION

2. Jurisdiction is conferred upon this Court by 28 U.S.C. § 1343(3) and (4), which provides for original jurisdiction in this court of all suits brought pursuant to 42 U.S.C. § 1983, and by 28 U.S.C. §1331, which provides jurisdiction over all cases brought pursuant to the Constitution and laws of the United States.

## III. PARTIES

3. TARSHA THOMAS (hereinafter "TARSHA") at all times relevant hereto resided in Kings County, New York.

4. KENYA THOMAS (hereinafter "KENYA") at all times relevant hereto resided in Kings County, New York.

5. VINCENT LAYDEN (hereinafter "LAYDEN") at all times relevant hereto resided in Kings County, New York.

6. SHAWNDA THOMAS (hereinafter "SHAWNDA") at all times relevant hereto resided in Kings County, New York.

7. Defendant CITY OF NEW YORK (hereinafter "CITY") is a municipal corporation, incorporated pursuant to the laws of the State of New York, which operates the New York City Police Department (hereinafter "NYPD"), and as such is the public employer of the Defendant officers herein.

8. Defendant DETECTIVE KIRK S. FERNANDES, SHIELD #2531 (hereinafter "FERNANDES") was an NYPD police officer, and at all times relevant hereto, acted in that capacity as agent, servant, and/or employee of Defendant CITY and within the scope of his employment. FERNANDES is sued in his official and individual capacity.

9. Defendant SERGEANT FRITZ GLEMAUD, SHIELD # 03224 (hereinafter "GLEMAUD") was an NYPD police officer, and at all times relevant hereto, acted in that capacity as agent, servant, and/or employee of Defendant CITY and within the scope of his employment. GLEMAUD is sued in his official and individual capacity.

10. Defendant DEPUTY INSPECTOR JOSEPH KENNY (hereinafter "KENNY") was an NYPD police officer, and at all times relevant hereto, acted in that capacity as agent, servant, and/or employee of Defendant CITY and within the scope of his employment. KENNY is sued in his official and individual capacity.

11. Defendant DETECTIVE ELKA MORALES, SHIELD # 05340 (hereinafter "MORALES") was an NYPD police officer, and at all times relevant hereto, acted in that capacity as agent, servant, and/or employee of Defendant CITY and within the scope of his employment. MORALES is sued in her official and individual capacity.

12. Defendant DETECTIVE KONSTANIN BRANDMAN SHIELD # 02534 (hereinafter "BRANDMAN") was an NYPD police officer, and at all times relevant hereto, acted in that capacity as agent, servant, and/or employee of Defendant CITY and within the scope of his employment. BRANDMAN is sued in her official and individual capacity.

13. Defendant DETECTIVE ANTHONY CARDINALE, SHIELD # 07144 (hereinafter "CARDINALE") was an NYPD police officer, and at all times relevant hereto, acted in

that capacity as agent, servant, and/or employee of Defendant CITY and within the scope of his employment. CARDINALE is sued in her official and individual capacity.

14. Defendants POLICE OFFICERS JOHN/JANE DOE(S) #s 1-10 (hereinafter "DOE(S)") were NYPD police officers, and at all relevant times hereto, acted in that capacity as agents, servants, and/or employees of Defendant CITY and within the scope of their employment. DOE(S) are sued in their official and individual capacity.

15. At all relevant times hereto, Defendants were acting under the color of state and local law. Defendants are sued in their individual and official capacities. At all relevant times hereto, Defendant CITY was responsible for making and enforcing the policies of NYPD and was acting under the color of law, to wit, under the color of the statutes, ordinances, regulations, policies, customs and usages of the State of New York and/or the City of New York.

## IV. FACTS

16. On or about May 30, 2014, at approximately 6:20 A.M., Plaintiffs were present at TARSHA's apartment in Brooklyn, NY.

17. Defendant Police Officers entered the apartment and arrested Plaintiffs.

18. Plaintiffs TARSHA and KENYA were strip searched inside the apartment.

19. Plaintiffs were detained in the apartment for approximately three hours before being put into police vans and transported to the 90th Precinct.

20. While being transported to the 90th Precinct and at the precinct, SHAWNDA, who was pregnant, requested medical treatment, which was discouraged. Excessive force was used against SHAWNDA.

21. Plaintiffs were detained at the 90th Precinct for approximately ten hours prior to being transported to Central Booking.

22. Plaintiffs were detained at Central Booking for approximately 20 hours prior to being arraigned.

### Tarsha Thomas

23. TARSHA was charged with PL 220.03, Criminal Possession of a Controlled Substance in the seventh degree and PL 260.10(1) Endangering the Welfare of a Child.

24. TARSHA received an Adjournment in Contemplation of Dismissal at the arraignment.

25. On July 2, 2014, the Adjournment in Contemplation of Dismissal was withdrawn, and all charges were dismissed.

### Kenya Thomas

26. KENYA was charged with PL 220.03, Criminal Possession of a Controlled Substance in the seventh degree and PL 221.05, Unlawful Possession of Marihuana.

27. KENYA received an Adjournment in Contemplation of Dismissal at the arraignment.

### Vincent Layden

28. LAYDEN was charged with PL 220.03, Criminal Possession of a Controlled Substance in the seventh degree; PL 221.05, Unlawful Possession of Marihuana; and AC 10-131.I3, Unlawful Possession of Pistol/Revolver Ammunition.

29. Upon information and belief, LAYDEN appeared in court one more time following arraignment. LAYDEN received an Adjournment in Contemplation of Dismissal on June 10, 2014.

### Shawnda Thomas

30. SHAWNDA was charged with PL 220.03, Criminal Possession of a Controlled Substance in the seventh degree and PL 221.05, Unlawful Possession of Marihuana.

31. Upon information and believe, SHAWNDA pled guilty to the charge of PL 221.05, Unlawful Possession of Marihuana at the arraignment.

## V. FIRST CAUSE OF ACTION
Pursuant to § 1983 (FALSE ARREST)

32. Paragraphs 1 through 31 of this complaint are hereby realleged and incorporated by reference herein.

33. That Defendants had neither valid evidence for the arrest of Plaintiffs TARSHA, KENYA, and LAYDEN nor legal cause or excuse to seize and detain them.

34. That in detaining Plaintiffs TARSHA, KENYA, and LAYDEN without a fair and reliable determination of probable cause, Defendant CITY abused its power and authority as a policymaker of the NYPD under the color of State and/or local law. It is alleged that CITY, via their agents, servants and employees routinely charged persons with crimes they did not commit. Plaintiffs TARSHA, KENYA, and LAYDEN were but some of those persons.

35. Upon information and belief, it was the policy and/or custom of Defendant CITY to inadequately supervise and train its officers, staff, agents and employees, thereby failing to adequately discourage further constitutional violations on the part of their officers, staff, agents and employees.

36. As a result of the above described policies and customs, the officers, staff, agents and employees of Defendant CITY believed that their actions would not be properly monitored by supervisory officers and that misconduct would not be investigated or sanctioned, but would be tolerated. In addition, the City of New York had and has a

6

policy, custom, and/or practice of detaining persons for an excessive period of time prior to arraignment.

37. The above described policies and customs demonstrated a deliberate indifference on the part of the policymakers of the CITY to the constitutional rights of arrestees and were the cause of the violations of Plaintiffs TARSHA, KENYA, and LAYDEN's rights alleged herein.

38. By reason of Defendants acts and omissions, Defendant CITY, acting under color of state law and within the scope of its authority, in gross and wanton disregard of Plaintiffs TARSHA, KENYA, and LAYDEN's rights, subjected Plaintiffs TARSHA, KENYA, and LAYDEN to an unlawful detention, in violation of the Fourth and Fourteenth Amendments of the United States Constitution and the laws of the State of New York.

39. By reason of the foregoing, Plaintiffs TARSHA, KENYA, and LAYDEN suffered physical injuries, mental injuries, deprivation of liberty and privacy, terror, humiliation, damage to reputation and other psychological injuries. All of said injuries may be permanent.

IX. SECOND CAUSE OF ACTION
Pursuant to § 1983 DENIAL OF FAIR TRIAL)

40. Paragraphs 1 through 39 are hereby realleged and incorporated by reference herein.

41. By fabricating evidence, defendants violated Plaintiffs TARSHA, KENYA, and LAYDEN's constitutional right to a fair trial.

42. Defendants were aware or should have been aware of the falsity of the information used to prosecute Plaintiffs TARSHA, KENYA, and LAYDEN.

43. As a result of the above constitutionally impermissible conduct, Plaintiffs TARSHA, KENYA, and LAYDEN were caused to suffer personal injuries, violation of civil rights,

economic damages, emotional distress, anguish, anxiety, fear, humiliation, loss of freedom and damage to his reputation and standing within his community.

## X. THIRD CAUSE OF ACTION
Pursuant to §1983 (FAILURE TO INTERVENE)

44. Paragraphs 1 through 43 are hereby realleged and incorporated by reference herein.

45. That Defendants failed to intervene when Defendants knew or should have known that Plaintiffs' constitutional rights were being violated.

46. That Defendants had a realistic opportunity to intervene on behalf of Plaintiffs TARSHA, KENYA, and LAYDEN, SHAWANDA whose constitutional rights were being violated in their presence.

47. That a reasonable person in the Defendants' position would know that Plaintiffs' constitutional rights were being violated.

48. That by reason of Defendants' acts and omissions, Defendants, acting under the color of state law and within the scope of their authority, in gross and wanton disregard of Plaintiffs rights, deprived of their liberty when they failed to intervene to protect them from Defendants' violation of Plaintiffs civil rights pursuant to Fourteenth Amendment of the United States Constitution.

49. That upon information and belief, Defendants had a policy and /or custom of failing to intervene to protect citizens from violations of civil rights by police officers. Thus, as a result of the above described policies and customs, Plaintiffs were not protected from Defendants' unconstitutional actions.

50. That upon information and belief it was the policy and/or custom of defendant CITY to inadequately hire, train, supervise, discipline and/or terminate their officers, staff, agents

and employees, thereby failing to adequately discourage further constitutional violations on the part of their officers, staff, agents, and employees.

51. That as a result of the above described policies and customs, defendant CITY, its staff, agents and employees of defendant CITY believed that their actions would not be properly monitored by supervisory officers and that misconduct would not be investigated or sanctioned, but would be tolerated.

52. That the above described policies and customs demonstrate a deliberate indifference on the part of the policymakers of defendant CITY to the constitutional rights of detainees and were the cause of the violations of Plaintiffs rights alleged herein.

53. That in so acting, defendant CITY abused its power and authority as policymaker of the NYPD under the color of State and/or local law.

54. That by reason of the foregoing, Plaintiffs suffered physical and psychological injuries, traumatic stress, mental anguish, economic damages including attorney's fees, damage to reputation, shame, humiliation, and indignity. All of said injuries may be permanent.

## XI. FOURTH CAUSE OF ACTION
Pursuant to State Law (RESPONDEAT SUPERIOR)

55. Paragraphs 1 through 54 are hereby realleged and incorporated by reference herein.

56. That Defendants were acting in furtherance of the duties owed to their employer, defendant CITY.

57. That at all times Defendants were acting within the scope of their employment.

58. That Defendant CITY was able to exercise control over Defendants activities.

59. That Defendant CITY is liable for Defendants actions under the doctrine of respondeat superior. By reason of the foregoing, Plaintiffs suffered physical injuries, mental injuries,

9

emotional injuries, economic injury, trauma, humiliation, terror, damage to reputation, and other psychological injuries. All of said injuries may be permanent.

## XII. FIFTH CAUSE OF ACTION
### Pursuant to § 1983 (ILLEGAL SEARCH)

60. Paragraphs 1 through 59 are hereby realleged and incorporated by reference herein.

61. That Defendants excessively searched Plaintiffs' persons and property. Defendants failed to announce their presence. Defendants broke down the door to gain entry.

62. That Defendants' searches of Plaintiffs' persons and property were unlawful in that Defendants did not obtain a search warrant before searching Plaintiffs' persons, lacked probable cause to search Plaintiffs' persons, and lacked probable cause to arrest Plaintiffs.

63. That upon information and belief, defendant CITY has a policy and/or custom of unlawfully searching persons.

64. By reason of the unlawful search of Plaintiffs' persons and property, Defendants, acting in gross and wanton disregard of plaintiffs' rights, deprived Plaintiffs of their privacy and property, in violation of rights secured to him under the Fourth and Fourteenth Amendments of the United States Constitution.

## XIII. SIXTH CAUSE OF ACTION
### Pursuant to § 1983 (ILLEGAL STRIP SEARCH)

65. Paragraphs 1 through 64 are hereby realleged and incorporated by reference herein.

66. That Defendants, including but not limited to unknown employees of CITY, strip searched Plaintiffs TARSHA and KENYA absent a requisite reasonable suspicion that Plaintiff was concealing weapons or contraband.

67. That Defendants had no legally sufficient cause to strip search Plaintiffs TARSHA and KENYA.

68. That by reason of Defendants acts and omissions, Defendants acting under color of State law and within the scope of their authority, in gross and wanton disregard of Plaintiffs TARSHA and KENYA's rights, subjected Plaintiffs TARSHA and KENYA to an illegal strip search, in violation of their rights pursuant to the Fourth and Fourteenth Amendments of the United States Constitution.

69. As a result of the above constitutionally impermissible conduct, Plaintiffs TARSHA and KENYA were caused to suffer personal injuries, violation of civil rights, economic damages, emotional distress, anguish, anxiety, fear, humiliation, loss of freedom and damage to his reputation and standing within their community.

## XIV. SEVENTH CAUSE OF ACTION
Pursuant to State Law (ILLEGAL STRIP SEARCH)

70. Paragraphs 1 through 69 are hereby realleged and incorporated by reference herein.

71. That Defendants strip searched Plaintiffs TARSHA and KENYA absent a requisite reasonable suspicion that Plaintiffs were concealing weapons or contraband.

72. That Defendants had no legally sufficient cause to strip search Plaintiffs TARSHA and KENYA.

73. That by reason of Defendants acts and omissions, Defendants acting under color of State law and within the scope of their authority, in gross and wanton disregard of Plaintiffs TARSHA and KENYA's rights, subjected Plaintiffs TARSHA and KENYA to an illegal strip search violation of the Fourth and Fourteenth Amendments of the United States Constitution and the laws of the State of New York.

74. As a result of the above constitutionally impermissible conduct, Plaintiffs TARSHA and KENYA were caused to suffer personal injuries, violation of civil rights, economic damages, emotional distress, anguish, anxiety, fear, humiliation, loss of freedom and damage to his reputation and standing within his community.

## XV. EIGHTH CAUSE OF ACTION
Pursuant to State Law (CONVERSION/PROPERTY DAMAGE)

75. Paragraphs 1 through 74 are hereby realleged and incorporated by reference herein.

76. At the incident complained of, Defendants took property from Plaintiffs TARSHA, KENYA, and SHAWNDA's possession and converted it to their own use and/or damaged the property.

77. That by reason of the foregoing, Plaintiffs TARSHA, KENYA, and SHAWNDA suffered physical injuries, mental injuries, emotional injuries, economic injury, trauma, humiliation, terror, damage to reputation, and other psychological injuries. All of said injuries may be permanent.

## XVI. NINTH CAUSE OF ACTION
Pursuant to §1983 (EXCESSIVE FORCE)

78. Paragraphs 1 through 77 are hereby realleged and incorporated by reference herein.

79. That the incident that resulted from the intentional application of physical force by Defendants constituted a seizure. That the use of excessive force in effectuating the seizure was unreasonable under the circumstances.

80. That Defendants had no legal cause or reason to use excessive force in effectuating Plaintiffs' arrest.

81. That Defendants violated Plaintiffs' Fourth and Fourteenth Amendment right to be free from unreasonable seizures when they used excessive force against her.

12

82. That at the time of the arrest or while in custody, Plaintiffs did not pose a threat to the safety of the arresting officers.

83. That Plaintiffs were not actively resisting arrest or attempting to evade arrest.

84. That defendant CITY, through its officers, agents, and employees, unlawfully subjected Plaintiffs to excessive force while effectuating her arrest.

85. That Defendant's actions were grossly disproportionate to the need for action and were unreasonable under the circumstances.

86. That by reason of Defendants acts and omissions, acting under color of state law and within the scope of her authority, in gross and wanton disregard of Plaintiffs' rights, subjected Plaintiffs to excessive force while effectuating their arrest, in violation of their rights pursuant to the Fourth and Fourteenth Amendments of the United States Constitution.

87. That Defendants had the opportunity to intervene, and failed to do so, to prevent violations of Plaintiffs' civil rights, including but not limited to the right to be free from the application of excessive force.

88. That upon information and belief, in 2014, Defendants and CITY had a policy or routine practice of using excessive force when effectuating arrests.

89. That upon information and belief, it was the policy and/or custom of defendant CITY to inadequately train, supervise, discipline, and/or terminate their officers, staff, agents and employees, thereby failing to adequately discourage further constitutional violations on the part of their officers, staff, agents and employees.

90. That as a result of the above described policies and customs, the officers, staff, agents and employees of defendant CITY, believed that their actions would not be properly

monitored by supervisory officers and that misconduct would not be investigated or sanctioned, but would be tolerated.

91. That the above described policies and customs demonstrate a deliberate indifference on the part of the policymakers of defendant CITY to the constitutional rights of arrestees and were the cause of the violations of Plaintiffs' rights alleged herein.

92. By reason of the foregoing, Plaintiffs suffered physical injuries, mental injuries, emotional injuries, economic injury, trauma, humiliation, terror, damage to reputation, and other psychological injuries. All of said injuries may be permanent.

## XVII. TENTH CAUSE OF ACTION
Pursuant to §1983 (DUE PROCESS VIOLATION/FOURTH AMENDMENT RIGHTS)

93. Paragraphs 1 through 92 of this complaint are hereby realleged and incorporated by reference herein.

94. That Defendants entered TARSHA's apartment forcefully, without a warrant or legal basis to do so.

95. That said forced entry into TARSHA's apartment was made without exigent circumstances.

96. That said warrantless entry constituted a search and seizure of TARSHA's private property and violated TARSHA's rights.

97. By reason of Defendants acts and omissions, Defendant CITY, acting under color of state law and within the scope of its authority, in gross and wanton disregard of TARSHA's rights, searched and seized TARSHA's personal property without providing due process under the law, in violation of the Fourth, Fifth and Fourteenth Amendments of the United States Constitution and the laws of the State of New York.

98. By reason of the foregoing, TARSHA suffered mental injuries, economic injury,

14

deprivation of property, liberty and privacy, terror, humiliation, damage to reputation and other psychological injuries. All of said injuries may be permanent.

### XVIII. ELEVENTH CAUSE OF ACTION
Pursuant to § 1983 (EXCESSIVE PRE-ARRAIGNMENT DETENTION)

99. Paragraphs 1 through 98 are hereby realleged and incorporated by reference herein.

100. That Defendants had no legal cause nor excuse to detain Plaintiffs for a prolonged period prior to arraignment.

101. That Defendants detained Plaintiffs excessively prior to arraignment in violation of Plaintiff's civil rights.

102. That Defendants detained Plaintiffs with ill will and/or negligently.

103. That Defendants should have expeditiously investigated this matter and released Plaintiffs.

104. By reason of Defendant's acts and omissions, Defendants, acting under color of state law and within the scope of its authority, in gross and wanton disregard of Plaintiffs' rights, deprived Plaintiffs of their liberty when it subjected him to an unlawful, illegal and excessive detention, in violation of his due process rights pursuant to the Fourth and Fourteenth Amendments of the United States Constitution and the laws of the State of New York.

105. That in so acting, Defendant CITY, abused its power and authority as policymaker of the New York City Police Department under the color of State and/or local law.

106. That upon information and belief, in 2014, Defendant CITY had a policy or routine practice of detaining and imprisoning individuals for excessive periods prior to arraignment.

107. That upon information and belief, it was the policy and/or custom of Defendant CITY to inadequately train and supervise their officers, staff, agents and employees, thereby failing to adequately discourage further constitutional violations on the part of their officers, staff, agents and employees.

108. That as a result of the above described policies and customs, the officers, staff, agents and employees of Defendant CITY believed that their actions would not be properly monitored by supervisory officers and that misconduct would not be investigated or sanctioned, but would be tolerated.

109. That the above described policies and customs demonstrate a deliberate indifference on the part of the policymakers of Defendant NYPD to the constitutional rights of arrestees and were the cause of the violations of Plaintiffs' rights alleged herein.

110. That Defendant, through its officers, agents and employees, unlawfully incarcerated Plaintiff for an excessive period of time prior to arraignment.

111. By reason of the foregoing, Plaintiffs suffered mental injuries, economic injury, deprivation of property, liberty and privacy, terror, humiliation, damage to reputation and other psychological injuries. All of said injuries may be permanent.

### XIX. TWELTH CAUSE OF ACTION
Pursuant to State Law (PRE-ARRAIGNMENT DELAY)

112. Paragraphs 1 through 111 are hereby realleged and incorporated by reference herein.

113. Defendants negligently and/or intentionally failed to arraign Plaintiffs promptly following their arrest as required by New York State and Federal laws, rules, regulations and statutes.

114. Said failure to promptly arraign Plaintiffs caused their arrests to be void ab initio.

115. As a result of the above constitutionally impermissible conduct, plaintiff was caused to suffer personal injuries, violation of civil rights, economic damages, emotional distress, anguish, anxiety, fear, humiliation, loss of freedom and damage to his reputation and standing within his community.

**INJURY AND DAMAGES**

As a result of the acts and conduct complained of herein, Plaintiffs have suffered and will continue to suffer, physical pain, emotional pain, suffering, permanent disability, inconvenience, injury to his reputation, loss of enjoyment of life, loss of liberty and other non-pecuniary losses. Plaintiffs have further experienced severe emotional and physical distress.

WHEREFORE, Plaintiffs respectfully request that judgment be entered:

1. Awarding Plaintiffs compensatory damages in a full and fair sum to be determined by a jury;
2. Awarding Plaintiffs punitive damages in an amount to be determined by a jury;
3. Awarding Plaintiffs interest from May 30, 2014;
4. Awarding Plaintiffs reasonable attorneys' fees pursuant to 42 USC §1988; and
5. Granting such other and further relief as to this Court deems proper.

DATED: Brooklyn, New York
September 1, 2015

_____
DAVID A. ZELMAN, ESQ.
(DZ 8578)
612 Eastern Parkway
Brooklyn, New York 11225
(718)604-3072